UTILITIES COAL COMPANY *v.* HERR ET AL.

[No. 11,047.   Filed October 4, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*"Accident".*—*Occurrence Accelerating Disease.*—An occurrence which merely hastens an existing disease to its final culmination will be deemed an accident within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), and, where such an occurrence arises out of and in the course of an employment, compensation will be awarded.   p. 315.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Occurrence Accelerating Disease.*—*Evidence.*—*Sufficiency.*—*Inferences from Facts Proved.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) for compensation for the death of a workmen who was afflicted with heart disease and who died shortly

after inhaling smoke-ladened air in a mine, direct evidence that the inhalation of the smoke-ladened air hastened the death of servant was not necessary to establish that fact, if other proven facts would warrant such an inference. p. 316.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings.— Evidence.— Sufficiency.— Occurrence Accelerating Disease.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) to recover compensation for the death of a servant who was afflicted with heart disease, a finding that the servant's death was hastened by the inhalation of smoke-ladened air in a mine *held* supported by the evidence. p. 316.

, 4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Review.—Findings.—Conclusiveness.*—Where, in a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), an inference drawn from the evidence by the Industrial Board in support of its finding was a reasonable one, the Appellate Court cannot disregard such inference, even though a contrary inference might be equally as reasonable. p. 316.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Isabella Herr and others against the Utilities Coal Company. From an award for applicants, the defendant appeals. *Affirmed.*

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton* and *John S. Taylor,* for appellant.

*Donald Baker,* for appellees.

BATMAN, J.—This appeal involves an award in favor of appellees, arising from the death of Eli A. Herr, an employe of appellant. The only question presented relates to the sufficiency of the evidence to sustain the finding, that on the date named said Eli A. Herr "received a personal injury by accident arising out of and in the course of his employment, resulting in his death." Appellant contends that the evidence does not establish this fact, but on the contrary conclusively shows, that the death of said employe was the result of chronic heart disease, and not of any accidental cause whatever.

The evidence tends to show that on June 26, 1920, appellant had a number of men employed in mining coal, including the decedent. On the morning of that day, the decedent, with other employes of appellant, went down into its mine to engage in their usual work. When they reached the bottom of the mine and came to their working place, they found the same so full of smoke that they could not remain therein with comfort or safety, and by reason of that fact returned to the top of the mine. Immediately after the decedent came out of the mine, he walked a short distance to a stairway, sat down on one of the steps, and then fell over. On being carried into the office he was found to be dead. On examination at an autopsy held by the coroner, it was found that the decedent had been afflicted with a serious chronic heart disease. The smoke which caused the decedent and other employes of appellant to leave the mine, had been produced by firing explosives early that morning for the purpose of loosening the coal, so that it could be more easily and more rapidly mined, and sufficient time had not elapsed for the air to become pure again before the men went down to work. Where air is impregnated with smoke of this kind, it causes a bad effect to persons who breathe it, and if inhaled too long will prove fatal. It does not affect all persons alike, and its evil results are not always immediate. Appellant's brief discloses that one witness testified, that it "causes distress all over; causes your heart to jump and beat as fast as you can count; affects your lungs and your head, and you get weak all over.". The smoke on this occasion affected a number of the men who went down into the mine that morning with the decedent to work. It caused one to become sick at his stomach and to have a headache. He was partly overcome by the bad air, and had to take his time in walking to the cage at the bottom of the mine. It caused

another to feel dizzy and light. He was to some extent overcome by the bad air, and was attended by a physician. It caused another to have a headache and to vomit. As he walked along the bottom of the mine, "he didn't have breath enough to walk only a few steps at a time." It made his heart jump and made him dizzy and blind. He got so sick he could not go, but did not become unconscious. After he came out of the mine he was treated by a physician. It made another one sick. He left the mine because of the bad air, and was sick all that day. He felt better the next day but was not normal.

Appellant bases its contention, that the evidence does not sustain the finding in question, chiefly on the testimony of two physicians who attended the autopsy. This testimony consists of their opinions, that the death of said Eli A. Herr did not result from inhaling the impure air in the mine but from the chronic heart disease. However, if their opinions be accepted as the true cause of his death, it does not follow that the finding under consideration is not sustained by the evidence. This is true for the reason that an occurrence which merely hastens an existing disease to its final culmination will be deemed an accident within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), and where such occurrence arises out of and in the course of an employment, compensation will be awarded. *In re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842; *Indianapolis, etc., Co.* v. *Coleman* (1917), 65 Ind. App. 369, 117 N. E. 502; *Retmier* v. *Cruse* (1918), 67 Ind. App. 192, 119 N. E. 32; *Puritan, etc., Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417; *Indian Creek, etc., Coal Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519, 120 N. E. 709. There is no direct evidence that the smoke-ladened air, inhaled by the

decedent on the occasion in question, hastened his death because of the diseased condition of his heart, but such evidence is not necessary in order to establish that fact, if other proven facts will warrant such an inference. *Bronnenberg* v. *Indiana, etc., Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784; *Carter* v. *Richart* (1916), 65 Ind. App. 255, 114 N. E. 110. Directing our attention to the facts set out above, we observe that a man, afflicted with a serious heart disease, went down into a mine and found the air of his working place filled with smoke, that rendered it unfit to breathe, and seriously affected a. number of his fellow workmen; that after remaining a short time he left the mine because of the impure air, and on reaching the top he was in such condition that he expired within a short time. It was the province of the Industrial Board to draw any reasonable inference from such facts. It evidently drew the inference that the same elements in the air of the mine, which caused other workmen to become weak, dizzy and blind, to have rapid pulsations, headache and shortness of breath, to become sick and vomit, so affected the decedent, that death followed because his diseased heart was unable to withstand the added burden placed on it by inhaling the smoke-ladened air while in the mine, and in making an effort to escape from its evil effects. With such an inference in support of the finding in question, it is fully sustained by the evidence. We are unable to say that it is not a reasonable inference, and therefore we have no right to disregard it, although we might consider a contrary inference equally as reasonable. *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595, 122 N. E. 436; *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541. The award is therefore affirmed.