(No. 22270.—)
THE PEOPLE *ex rel.* Jack McGurn, Petitioner, *vs.*
THOMAS A. GREEN, Judge, Respondent.

*Opinion filed June 15, 1934.*

ALFRED E. ROTH, for petitioner.

HIRAM T. GILBERT, for respondent.

Mr. JUSTICE ORR delivered the opinion of the court:

By leave granted, an original petition was filed here in the name of the People of the State of Illinois, on the relation of Jack McGurn, seeking the issuance of a writ of *mandamus* to compel the respondent, Thomas A. Green, judge of the municipal court of Chicago, to expunge a certain order entered by him on October 16, 1933, and to approve a true and corrected bill of exceptions. The cause pending and referred to in the petition for *mandamus* was entitled, People *vs.* Jack McGurn, case No. 1216751, in the municipal court of Chicago, wherein McGurn, as defendant, was charged by information with being a vagabond and reputed to be an habitual violator of criminal laws of this State under the provisions of the Vagrancy act, as amended in July, 1933. Smith's Stat. 1933, chap. 38, par. 578.

In two opinions rendered by this court at its April term, 1934, (*People* v. *Belcastro,* (*ante,* p. 144,) and *People* v. *Alterie,* (*ante,* p. 307,) the 1933 amendment to the Vagrancy act was held unconstitutional and void. The record filed here in the McGurn case above referred to shows that the question of the constitutionality of the act is specifically raised, both by demurrer to the information and by motion to quash. This being true, it is of little consequence what action is taken with reference to the bill of exceptions sought to be corrected by this writ, as the conviction of McGurn under the amended Vagrancy act will not stand. The writ of *mandamus* is not granted as a matter of right. It is well settled that courts, in exercising their jurisdiction in *mandamus,* will not award the writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner. (*Gormley* v. *Day,* 114 Ill. 185, and cases cited.) It will not be granted where it will be of no avail and serve no useful purpose to the party applying for it. *Parrish* v. *Miller,* 336 Ill. 630; *People* v. *Sweitzer,* 339 id. 28.

The prayer of the petition for a writ of *mandamus* is therefore denied.

*Writ denied.*