## SLAUBAUGH *v.* VORE

[No. 18,357. Filed February 4, 1953. Rehearing denied March 23, 1953. Transfer denied May 18, 1953.]

*Burke G. Slaymaker, William B. Weisell, William E. Hart, Roy E. Pope, Jr.,* all of Indianapolis, for appellant.

*S. Hugh Dillon* and *George N. Hornbrook,* both of Petersburg, for appellee.

ACHOR, J.—This is an application before the Industrial Board of Indiana for compensation under the Workmen's Compensation Act, because of the death of Fred Vore, husband of the appellee, which death allegedly occurred from personal injuries received by the decedent by reason of an accident arising out of and in the course of his employment by the appellant. At the time of his death, decedent was a tool dresser in the appellant's business of drilling oil and gas wells in Daviess County, Indiana. The findings of fact by the Industrial Board are in part as follows:

On November 5, 1949 appellant's decedent, Fred Vore, was in the employ of appellant at an average weekly wage in excess of $42.00; that on said day Fred Vore died as a proximate result of personal injuries received by him on that day by an accident arising out of and in

the course of his employment by appellant; that his death was due to aggravation of a previous heart condition caused by extreme exertion in the performance of his duties as an employee of appellant, causing his death by heart failure; that he left surviving him as his sole dependent the appellee, his widow age 57, who was wholly dependent upon him; that appellant had not paid the statutory burial allowance of $300.00, and that the parties had disagreed on the question of appellant's liability to appellee. Award was made accordingly.

The errors assigned and relied upon are that the award of the full Industrial Board of Indiana (1) is not sustained by sufficient evidence, and (2) is contrary to law. The appellant has properly assigned as error that the judgment is contrary to law. This places in issue the sufficiency of the evidence to support the award and appellant's contentions that the evidence is insufficient to show (1) that there was an injury by accident, and (2) that the death of the employee arose out of the employment.

It is appellant's contention that the evidence establishes, and that the Industrial Board found, that the decedent died from a *disease*. That under the Indiana Workmen's Compensation Act injury or death by disease shall not be compensable unless such disease shall have been caused or aggravated by an "accidental" injury arising out of the employment, and that a disease, or an aggravation of it, is an injury by *accident* only when the disease is contracted or aggravated as a direct result of unusual circumstances connected with the employment, §40-1701(d), Burns' 1952 Repl., and the case of *United Paper Board Co.* v. *Lewis* (1917), 65 Ind. App. 356, 360, 117 N. E. 276 is cited as authority for this position.

Appellant urges in the case at bar that no accident happened on November 5, 1949 while the employee was engaged in the performance of the work of his employment; that he put forth no different or greater exertion in doing his work on November 5, 1949 than he had theretofore put forth in doing the same work throughout the entire period of his employment, and that he put forth no greater exertion in doing such work than was put forth by other employees of the defendant in doing the same work.

Appellant contends further that, in order to be compensable, a causal connection must be established between the prior disease, the aggravation from it by his employment, and the injury or death resulting therefrom. The evidence most favorable to appellee, necessary to sustain the award, is as follows:

. Fred Vore, on November 5, 1949, was a man 64 years old, five feet, 10 inches in height, and weighed 150 pounds. He had been under the care of a physician from 1940 until his death on account of a weakened heart condition and high blood pressure, both of which conditions continued until such time. Medical testimony defined deceased's various ailments, in addition to the high blood pressure, more precisely as "incipient cardiac failure," and "hypertensive ancephalapothy." Decedent was employed as a tool-dresser. Immediately prior to his death, he was sharpening a steel bit, used by appellant in drilling an oil well. To sharpen the bit, it was heated until "white hot" and sledged with a 14 pound sledge for two or three minutes in each of several positions until properly shaped. On this occasion decedent sledged the bit in two or three positions. While he was sledging in the final position, appellant took down the lengths of some 20 joints of pipe and entered

the "dog house." Upon entering the "dog house" he proceeded immediately to add the 20 figures on an adding machine. The deceased entered the "dog house" and fell dead while the addition was still in progress. It was only five feet from the point of work to the "dog house" door. Appellant found deceased to be pulseless immediately upon adding his 20 figures.

We first consider appellant's contention that. for a *disease*, in order to constitute an *accidental injury*, it must appear that the death or injury was caused or contributed to by *some act which was different in kind or in exertion from the regular, ordinary work performed by* the workman and those engaged in like occupation. It must be a sudden, unusual occurrence. See *Estes* v. *Goodyear Tire & Rubber Co.* (1951), 60 Ohio Law Abstracts 266, 99 N. E. 2d 619.

The rule in Ohio is stated in the case of *Estes* v. *Goodyear Tire & Rubber Co., supra.* However, the courts of this state have not followed the Ohio rule. The rule in Indiana is now defined by the following cases: *United Paper Board Co.* v. *Lewis, supra; Indian Creek Coal & Min. Co.* v. *Calvert* (1918), 68 Ind. App. 474, 492, 119 N. E. 519, 525, 120 N. E. 709; *Studebaker Corporation* v. *Jones* (1937), 104 Ind. App. 270, 275, 276, 10 N. E. 2d 747.

In the case of *United Paperboard Co.* v. *Lewis, supra,* at page 360, the court stated:

> ". . . It is generally accepted that a disease which is not the ordinary result of an employe's work, reasonably to be anticipated as a result of pursuing the same, but contracted as a direct result of unusual circumstances connected therewith, is to be considered an injury by accident, and comes within the provisions of acts providing for compensation for personal injury so caused."

It is to be observed that the court in the above case merely *affirmed* an award to an employee where the disease *was* "a direct result of unusual circumstances connected with his employment." The court did not hold, as appellant in the case at bar contends, that compensation would *not* be allowed if he put forth no different or greater exertion than he had put forth during the entire period of his employment or than that put forth by other employees doing the same work.

In the case of *Indian Creek Coal & Min. Co.* v. *Calvert,* *supra,* this court was confronted with an award wherein death resulted from rupture of a diseased aorta (the great arterial trunk). Death followed pain experienced by decedent while pushing a coal car in a mine and the collapse came when decedent was loading coal, both *in the ordinary way.* A medical witness testified that any exertion or excitement which makes the heart beat more rapidly might produce the rupture. That from the autopsy it looked as though it might have been caused by a strain or exertion of some kind. In that case, the court affirmed the award upon the following adopted statement of law, at page 492:

"'. . . It is no longer required that the causes external to the plaintiff himself, which contribute to bring about the injury, shall be in any way unusual; it is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether an injury is unexpected and so if received on a single occasion occurs 'by accident' is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing. . . . The test is purely subjective to the injured workman.'"

The law upon this issue was more recently stated by this court in the case of *Studebaker Corporation* v. *Jones, supra,* on pages 275, 276:

> "Here appellee experienced a pain while in the act of lifting a hood to the conveyor, and his injury was traced by medical testimony to the act of lifting. The mere fact that the physical condition of an employee might make him more susceptible to the particular injury which resulted in his disability is no reason for holding that a disease or condition, rather than the accident, was the proximate cause of the injury upon which the allowance for disability is based; nor is it essential to determine the amount and extent of the strain, effort, or exertion necessary to be expended as a legal cause for compensable injury. All workmen are not constituted alike. Some are stronger than others and more capable of doing the same work. Some would use more exertion or effort in performing the same labor, and because of their physical condition might be more susceptible to injury. The act of lifting the hoods to the conveyor undoubtedly required some physical effort and exertion which the board found contributed to the injury complained of and is compensable, however, slight. While the work required of appellee may be characterized as ordinary, and such work may have been accomplished by other employees without injury, yet his injury was attached to a definite occurrence (that of lifting) incidental to his employment and within the well-defined meaning of the term 'accident' as used in the Workmen's Compensation Act. For cases in point see *Pacific Employers' etc.* v. *Pillsbury, etc.* (1932), 61 Fed. 2d 101 (pneumothorax); *Indian Creek Coal, etc.* v. *Calvert, supra,* (aorta); *Terre Haute, etc. Mfg. Co.* v. *Wehrle* (1921), 76 Ind. App. 656, 132 N. E. 698 (hernia); *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555 (aneurysm); *Krenz* v. *Ferguson Coal Co.* (1926), 85 Ind. App. 347, 154 N. E. 35 (hernia)'.

On the basis of the long established precedent of the preceding cases, we are constrained to conclude that

whether or not there was evidence of "extreme exertion," or unusual circumstances surrounding the employment and injury of the deceased employee, is immaterial and that the use of the word "extreme" as contained in the Industrial Board's findings of fact is not a necessary ultimate fact, but rather is surplusage, which may be disregarded. It was sufficient under the circumstances of this case that injury occurred unintentionally as a result of exertion or strain occasioned in the course of employment.

We recognize that the above construction of the statute may act as a serious obstacle to the employment of the handicapped and infirm, and for that reason may present a serious problem affecting the public welfare. This, however, is now a matter of policy for the legislature.

Appellant's second major contention is that the evidence does not support the finding that decedent's death arose out of his employment for the reason that there was no causal connection proved as existing between the conditions under which the decedent was required to work and the death by aggravation of the pre-existing heart condition. The testimony upon this issue is extensive and a recital thereof is not justified as supporting our opinion in the case. It consists largely of numerous hypothetical questions asked of medical witnesses and their answers thereto. Appellant contends on the one hand that elements were included in various hypotheticals which were not supported by sufficient facts in evidence and, on the other hand, that elements were in evidence which were not included in the questions.

However, it is not necessary to rule upon the propriety of the hypothetical questions asked. Even though

not sufficient to diagnose decedent's death with medical certainty, the questions were sufficient to be of probative value. We find no record of objections thereto having been made to either the hearing member or the full board. The principle is well established even in the more closely controlled field of common law practice that objection to hypothetical questions (or any other questions) may not be made for the first time on appeal. Further, appellant contends that the questions as answered, regarding the causal relationship between the disease, the employment and death, is so ambiguous as to be without probative value. The question and answer thereto are as follows:

> "Q. Now, Doctor, assuming the same set of facts as propounded to you in the hyothetical question, —— questions back, and excluding therefrom the assumption of high blood pressure, I will ask you whether or not you have an opinion from a medical point of view as to whether *the assumed effort of swinging a 14 pound sledge* would have a relationship with the cardiac failure which you have testified, in your opinion, was the cause of death in this case?
>
> "A. I would think that it would have."

Obviously the question, because of "——" contained in the phrase "—— questions back," is ambiguous. However, as cited by appellee, the question contains a reference to "the *assumed* effort of swinging a 14 pound sledge", which assumption was contained previously *only* in a hypothetical question which was sufficiently complete to be of probative value. Furthermore, appellee contends, and we assume, (1) that the witness understood that the "relationship" recited in the question referred to the *causal relationship* between the "effort of swinging a 14 pound sledge"

as "assumed" in "hypothetical question, —— questions back," and the "cardiac failure which . . . was the cause of death" and (2) that the Industrial Board so considered the question and answer.

Furthermore, we must consider the fact that the Industrial Board is not a court, but an administrative body, and it is not held to the same strict rules with regard to the form in which evidence is taken, and so long as the form of the question asked was such that it was understood by the witness and members of the Industrial Board, and no objection was made to the form of the question, the court will certainly not permit appellant at this late date to argue abstruse refinements of the rules of common law evidence.

We conclude that the award and findings of fact by the Industrial Board are supported by the evidence.

Judgment is therefore affirmed.

Crumpacker, J., not participating.

NOTE.—Reported in 110 N. E. 2d 299.