ANGEL L. RIVERA *v.* SIMMONS COMPANY.

[No. 2-973A196. Filed June 5, 1975. Rehearing denied July 9, 1975.]

*Robert L. Pressler, Chudom & Pressler,* of Schererville, for appellant.

*James E. Schreiner, Travis, Tinkham & Schreiner,* of Hammond, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Review is sought by Plaintiff-Appellant, Angel L. Rivera (Rivera), from a negative Award entered by the Full Industrial Board of Indiana (the Board) in favor of Defendant-Appellee, Simmons Company (Simmons), in which compensation was denied for back injuries sustained while lifting a heavy die, claiming sufficient evidence exists to prove the accident arose out of his employment with Simmons.

We affirm.

## CASE HISTORY

When this case was first considered by us on July 12, 1973, it was determined that the Findings of Fact originally entered by the Board on January 10, 1973, were not sufficiently specific to enable this Court to intelligently review the Board's decision. *Rivera v. Simmons* (1973), 156 Ind. App. 10, 298 N.E.2d 477.

Therefore, it was remanded with directions to the Board to submit additional Findings specifically setting forth the facts upon which the award was based.

In compliance, the Board submitted its "Findings of Full Industrial Board on Form No. 16 Application for Review in Making Corrected Award", on August 7, 1973; they are set forth below.

## FACTS

The evidence before the Board most favorable to Simmons indicates the following.

Rivera was employed by Simmons as a die setter, a job he had held for six years prior to June 16, 1970. A part of his regular and normal duties included lifting dies weighing between fifty and one hundred pounds several times each day and carrying them from the die machine to a storage rack a few feet away.

On June 16, 1970, at approximately 2:30 p.m., Rivera was carrying a die for the fourth time that day. He testified that it weighed between ninety and ninety-five pounds. As Rivera bent over to place the die on the storage rack, he noticed a pain in his lower back. He dropped the die onto the rack and reported his pain to the foreman, who in turn referred him to the plant nurse. She provided Rivera with a rubbing pomade after which he returned to his job.

The following day, Rivera went to the Hammond Clinic where X-rays were taken and pain medication supplied to Rivera.

He continued to work at Simmons and visited the clinic twice a week for an indeterminate period of time. Some months later, due to increasing pain, Rivera was referred to a neurosurgeon who diagnosed his problem as a herniated intervertebral disc and surgery was performed on his back. As a result thereof, he missed twenty-six weeks of work for which he seeks workmen's compensation benefits.

Rivera's claim was heard by a Hearing Member who, based on the foregoing evidence, denied benefits for temporary total disability, finding that there was an absence of any untoward event, injury, or accident arising out of his employment with Simmons. Thereafter, Rivera filed an Application for Review by the Full Board and on August 7, 1973, the Board filed the following Findings of Fact and Conclusions of Law:

"That on June 16, 1970, plaintiff was employed by defendant at an average weekly wage in excess of Ninety Five Dollars ($95.00) ; that on June 16, 1970, plaintiff was engaged in his usual employment with defendant as a die setter in taking a die from a press and carrying same by hand to a die rack; that plaintiff had performed this type of work as a die setter for approximately one (1) year prior to June 16, 1970, for defendant and *this activity was part of his assigned duties and was his usual, customary and routine work for defendant;* that on June 16, 1970, as plaintiff was hand carrying a die from a press to the die rack and was about to place the die in the rack, plaintiff felt a pain in his lower back; that on June 16, 1970, *there was no untoward event, injury, accident or accidental injury to plaintiff while employed by defendant. . . .*"

\* \* \*

"The full Industrial Board now concludes as a matter of law that on June 16, 1970, plaintiff was employed by defendant at an average weekly wage in excess of Ninety Five Dollars ($95.00) ; that on June 16, 1970, *there was no untoward event, injury, accident, or accidental injury to plaintiff while employed by defendant; that plaintiff did not sustain an accidental injury arising out of and in the course of his employment with defendant on June 16, 1970; that any disability or impairments sustained by plaintiff did not arise from an accidental injury arising out and in the course of his employment with defendant, and plaintiff's condition, if any, is due to causes wholly unrelated to his employment with defendant;* that plaintiff take nothing by his Form 9 Application and that an award be entered denying compensation to plaintiff and in favor of defendant, and that plaintiff pay costs, if any, taxed in this cause." (Emphasis supplied.)

Rivera appeals those findings and conclusions.

### ISSUE

The parties have stipulated the issue before us to be :

Did the Board properly conclude that Rivera did not suffer an accident arising out of and in the course of his employment with Simmons?

Rivera contends that the back injury sustained by him constitutes an accident which arose out of his employment as he had no pre-existing back affliction and the pain occurred while he was carrying a heavy die.

Simmons argues that there was no evidence of any increased work load, unusual or extra exertion, or aggravation of a pre-existing back injury, and Rivera, experiencing his back pain while performing his normal routine employment duties, did not therefore suffer an accident within the meaning of the Workmen's Compensation Act.

## DECISION

CONCLUSION—It is our opinion that the Board properly determined Rivera did not suffer an accident arising out of his employment with Simmons.

In order for an employee to receive compensation under the Workmen's Compensation Act, he must specifically show some increased risk or hazard present in his employment which caused his injury:

". . . [I]t seems that where there was evidence from which the Board could have reached the inference that the *hazard or risk was increased* then, under such circumstances, the finding of the Board in favor of the claimants was not disturbed, and *where there was a lack of evidence of an increased risk and a failure to grant an award, the court likewise refused to disturb the results reached by the Board.*" (Emphasis supplied.) *E. I. duPont, etc.* v. *Lilly* (1948), 226 Ind. 267, 272, 79 N.E.2d 387, 389.

*See also,*

*B.P.O. Elks, No. 209* v. *Sponholtz* (1969), 144 Ind. App. 150, 244 N.E.2d 923; *Rankin* v. *Industrial Contractors* (1969), 144 Ind. App. 394, 246 N.E.2d 410; *Dooley* v. *Richards' Standard Service* (1969), 145 Ind. App. 470, 474, 251 N.E.2d 449, (Cooper, J. concurring); *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 192 N.E. 762; *In re Bollman* (1920), 73 Ind. App. 46, 126 N.E. 639; *Tom Joyce Seven-up Co.* v. *Layman* (1942), 112 Ind. App. 369, 44 N.E.2d 998.

There is no evidence that Rivera was engaged in any unusual or extraordinary employment duty. Indeed, he testified he noticed the back pain while engaged in the same task he had been performing for approximately one year. His act of carrying the die and bending over to place it on the storage rack presented no special

hazard or increased risk above and beyond his normal, routine, and usual work duties. The Board specifically found that at the time Rivera experienced his back pain, he

". . . was engaged in his usual employment . . . as a die setter in taking a die from a press and carrying same by hand to a die rack, that [he] . . . had performed this type of work as a die setter for approximately one (1) year prior to June 16, 1970 . . . and this activity was part of his assigned duties and was his usual, customary and routine work for [Simmons]. . . ."

So the Board properly concluded that Rivera did not suffer an accident arising out of his employment with Simmons.

The Record is equally void of evidence indicating "injury or death by accident",[1] i.e., "any unlooked for mishap or untoward event not expected or designed". *See Haskell, etc. Car Company* v. *Brown* (1917), 67 Ind. App. 178, 187, 117 N.E. 555, 557. This definition has ostensibly been employed by this Court for nearly sixty years.[2]

Our Supreme Court specifically approved this definition in *United States Steel Corp.* v. *Dykes* (1958), 238 Ind. 599, 154 N.E.2d 111:

" '. . . [C]ompensation has been allowed for the death of a workman caused by the rupture of an already degenerated heart after a blow on the head from a pneumatic hammer. . . . It has been allowed where death resulted from heart disease found to have been aggravated by the inhalation of smoke-laden air in a coal mine. It has been allowed where death from heart failure was found to be the result

---

1. IC 1971, 22-3-2-2, Ind. Ann. Stat. § 40-1202 (Burns Code Ed.) stipulates the condition under which an employee may claim compensation benefits:
". . . [E]very employer and every employee . . . shall be presumed to have accepted the provisions of this law, respectively to pay and accept compensation for personal injury or death by *accident arising out of* and in the course of *the employment*. . . ." (Emphasis supplied.)

2. *See*,
*Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312, 132 N.E. 262; *Townsend and Freeman Co.* v. *Taggart* (1924), 81 Ind. App. 610, 144 N.E. 556; *Cunningham* v. *Warner Gear Co.* (1935), 101 Ind. App. 220, 190 N.E. 808; *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N.E.2d 499; *Rauh & Sons Fertilizer Co.* v. *Adkins, et al.* (1956), 126 Ind. App. 251, 129 N.E.2d 358; *Chestnut* v. *Coca-Cola* (1969), 145 Ind. App. 504, 251 N.E.2d 575.

of an electric shock suffered in the employment.' Small's Workmen's Compensation Law of Indiana, § 6.20, p. 151.

"In each of the above instances the fatal heart attack was preceded by some type of *untoward or unexpected incident,* or there was evidence of the aggravation of a previously deteriorated heart or blood vessel." [Footnotes omitted.] (Emphasis supplied.) 154 N.E.2d at 117.

The Court then concluded that for an injury to be compensable, some unexpected or untoward incident above and beyond the employee's routine or usual employment must take place:

"The mere showing that he was performing his usual, routine everyday task when he suffered a heart attack does not establish a right to workmen's compensation because there was *no event or happening beyond the mere employment itself.*" (Emphasis supplied.) 154 N.E.2d at 119.

This case is strikingly similar to *City of Anderson* v. *Borton* (1961), 132 Ind. App. 684, 178 N.E.2d 904:

"The evidence from Borton's own testimony shows that the so-called accident . . . occurred as he 'reached over to raise the trap door'. *There is no evidence that it was caused by lifting the door—rather it is apparent that he felt the pain as he 'reached over to raise the trap door.'*

"We believe that this case falls squarely in line with the decision of our Supreme Court in the case of United States Steel Corporation v. Dykes (1958), 238 Ind. 599, 154 N.E.2d 111, and followed by our Court in Bundy v. Concrete Ready-Mix Co. (1960), 130 Ind. App. 542, 167 N.E.2d 477. *There is no evidence that appellee Borton suffered any unusual strain or exertion or any untoward or unusual incident, of any kind which precipitated the back pains . . ."*

"In view of the fact that there is no *conflict in the evidence concerning the performance of the act of bending over to lift the trap door when the pain occurred, and since there was nothing unexpected nor any unusual exertion connected with this incident,* . . . we are of the opinion that *the evidence was insufficient to prove that the injury occurred because of any increase in his work load or of any extra exertion.* We are also of the opinion that there was a lack of any evidence to prove that the act of bending over to lift a trap door was anything so unusual to appellee's customary work as to cause an aggravation of a previously existing degenerated back." (Emphasis supplied.) 132 Ind. App. at 694-95, 178 N.E.2d at 909.

In the absence of some unlooked-for mishap, untoward or unexpected event, we must conclude that the Board properly concluded Rivera did not sustain an "accident" within the meaning of the Workmen's Compensation Act.

Rivera appeals from a negative award. Determination by the Board of a question of fact is conclusive if supported by substantial evidence of probative value. IC 1971, 22-3-4-8, Ind. Ann. Stat. § 40-1215 (Burns Code Ed.) states: "An award by the Full Board shall be conclusive and binding as to all questions of the [facts]. . . ."

"A determination of a question of fact by the Industrial Board is conclusive if it is supported by any substantial evidence including reasonable inferences that may be drawn therefrom." *Russell* v. *Johnson* (1942), 220 Ind. 649, 660, 46 N.E.2d 219, 223.

Furthermore,

"On appeal, this Court cannot weigh the evidence heard by the Board to determine for whom it preponderates, and only if reasonable men would be bound to reach the opposite conclusion from the evidence in the record, may the decision of the Board be reversed." *Bohn Aluminum & Brass Co., Plant #9* v. *Kinney* (1974), 161 Ind. App. 128, 314 N.E.2d 780, 784 and cases cited therein.

Rivera failed in his burden of proof before the Board. Its decision is therefore affirmed.

Sullivan, P.J., concurring with opinion; White, J., concurring with opinion.

### Concurring Opinion

White, J.—In determining whether the negative award is contrary to law, we are bound by the facts found by the Board, absent a convincing argument from the appellant that the Board ignored substantial evidence of probative value in failing to find a fact essential to appellant's case or in finding against him on some essential fact issue. *Transport Motor Express* v. *Smith* (1972), Ind. App., 289 N.E.2d 737, 34 Ind.

Dec. 42, transfer granted on other grounds, 311 N.E.2d 424, 42 Ind. Dec. 48.

Since there is here no challenge to the Board's finding of facts, I agree that on the facts found the negative award is proper. Nevertheless I am disappointed in the want of specificity in the Board's findings and cannot concur in many of the conclusions with which its statement of facts is interspersed.

For instance, after finding that on June 16, 1970, plaintiff felt a pain in his lower back while working, it concludes that on that date "there was no untoward event, accident, or accidental injury to plaintiff *while employed by defendant*". (Emphasis added.)

In many instances the onset of pain, especially the sudden onset of severe pain, is an untoward event and most certainly is an "accident" so far as the person who suffers the pain is concerned. In many instances the sudden onset of severe pain is the manifestation of an injury which has just occurred at the site of the pain, i.e., the rupture of some body tissue, or the blockage of the coronary artery. Such an event is an "injury by accident arising . . . in the course of the employment", as required by §§ 2 and 73 of the 1929 Workmen's Compensation Act, as amended, (Ind. Ann. Stat. §§ 22-3-2-2 and 22-3-6-1 [Burns Code Ed., 1973]) but the injury is not compensable merely because it occurs in the course of the employment. *Id.* It must also arise "out of" the employment. That is the teaching of *United States Steel Corporation* v. *Dykes* (1958), 238 Ind. 599, 154 N.E.2d 111. There the steadily deteriorating condition of decedent's heart eventually reduced its functional ability to the point that it could not sustain life even when the work load was lighter than usual. *Ergo,* the employment did not cause the heart failure; it was caused by the deceased's heart itself.

"The autopsy herein disclosed no rupture or detached plaques or clots in the coronary blood vessels. The myocardium was dark in color which indicates that the heart

failed because of unoxygenated blood due to a long-standing coronary disease. The autopsy revealed no evidence of the sudden worsening or aggravation of that disease." (*Dykes,* 238 Ind. at 608.)

The Industrial Board's award of compensation was accordingly reversed, with the opinion suggesting that if there had been (as in *Slaubaugh* v. *Vore* [1953], 123 Ind. App. 497, 110 N.E.2d 299) some "extreme exertion" or some evidence of aggravation of a pre-existing condition by "unusual exertion" (as in *U.S. Steel Corp.* v. *Douglas* [1955], 125 Ind. App. 212, 123 N.E.2d 899), the award might have been affirmed. Although *Dykes* speaks of the heart attack in *Slaubaugh* and *Douglas* being preceded by "some type of untoward or unexpected incident" which was absent in Dykes' heart attack, there is no express or implied statement that Dykes' death was not an accident, merely that it was not caused by, i.e., did not arise out of, his employment.

Since there was no finding herein of facts which would lead inevitably to the conclusion that Rivera's injury arose out of his employment, I concur in the affirmance.

CONCURRING OPINION

SULLIVAN, P.J.—I am required to concur in the affirmance of the Board's negative award but in so doing do not retreat from the statements made in *Estey Piano Corporation* v. *Steffen* (1975), 164 Ind. App. 239, 328 N.E.2d 240. My concurrence here is made in the full belief that the Board in this case applied an erroneous standard in determining "that there was no untoward event, injury, accident or accidental injury to plaintiff while employed by defendant."

It is apparent to me that the Board reasoned, as did Judge Buchanan in *Estey, supra,* that an injury sustained as a result of "usual, customary and routine work" could not be compensable. As stated in *Estey, supra,* I do not think such to be the law of Indiana *at this time.*

Be that as it may, such apparent error does not permit my dissent and in this regard, I join in Judge White's concurring opinion.

NOTE.—Reported at 328 N.E.2d 39.