STEEL AND TUBE COMPANY OF AMERICA *v.* BUKOVAC
ET AL.

[No. 11,785.   Filed December 13, 1923.   Rehearing denied March
12, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.*—On appeal from a decision of the Industrial Board, the Appellate Court does not weigh the evidence, and where there is some evidence to support the board's finding, it will not be disturbed.   p. 220.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.— Cause of Injury.—Inhaling, Gas.*—Evidence *held* sufficient to support the Industrial Board's finding that decedent, in the due course of his employment, suffered an accidental injury from inhaling gas from a tar tank, over the manhole of which he was working, pulling buckets of residue from the bottom of the tank.   p. 220.

From the Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Antonia Bukovac and others against the Steel and Tube Company of America.   From an award in favor of claimant, the defendant appeals.   *Affirmed.*

*Bomberger, Peters & Morthland,* for appellant.

*Fred C. Crumpacker, Edwin H. Friedrich* and *Frank L. Greenwald,* for appellee.

NICHOLS, J.—Appeal from an award by the Industrial Board.

John Bukovac, upon whom appellees were dependent, was working for appellant on top of an empty tar tank, engaged in pulling buckets of residue from the bottom of the tank through a manhole, when he suddenly collapsed, was taken to the hospital of appellant's plant and died in a few hours.   Appellees' theory is that the cause of the death was poisonous gas emanating from the residue in the tar tank.   Appellant's contention is that there is no evidence in the record from which the board could infer an industrial accident, contending that there was no evidence of the presence of

any gas of a poisonous nature which came in contact with the decedent thereby causing his death.

The Industrial Board, by a majority of its members, found that the decedent, on December 7, 1921, was in the employment of appellant at a weekly wage in excess of $24, and on that date he received a personal injury by an accident arising out of and in the course of his employment from which he died, and that he left surviving him appellees, except Philip B. who was at the time more than eighteen years of age, as his dependents. Upon this finding, there was an award of compensation to appellees other than Philip, from which this appeal.

The only question which we have to consider is the sufficiency of the evidence to sustain the award. We have examined this evidence with a great deal 1, 2. of care. Were we trying the issues and determining the same upon the weight of the evidence we might have some difficulty in finding that there was a preponderance in favor of appellees, but this court does not weigh the evidence and where there is some evidence to support the finding of the board the finding, on appeal, will not be disturbed. *Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312, 132 N. E. 262. It appears by the evidence that the decedent was forty-two years of age, five feet seven inches tall, weighed 165 to 170 pounds, and in appearance was strong, muscular, able-bodied and active in his movements. He had been working steadily at manual labor for fifteen years, and with appellant for about three months. His wife testified that he never complained of having trouble with his kidneys, nor did he have urinary trouble, nor did he complain of his feet or hands swelling, nor of dizziness or stomach trouble, and that he was active in walking. His son testified that he went to work with him on the morning of the accident and that he did not complain of anything. He made no complaint to his fellow em-

ployees except as to the smell that came from the tank. As to that, he answered in response to the question why he did not like the job: "I don't like that stuff around me. It smells too much. If I don't get any better job to-morrow morning, I don't know whether I will come out or not." A post mortem examination disclosed nothing abnormal with the heart or other organs of the body except that there was some evidence of chronic nephritis, but there was other evidence that there was absence of symptoms that are manifest when death is from that disease. One witness testified that there was gas in the tank in such quantities that they were unable to stay therein except for a short period of time, and that they suffered from the effects thereof with smarting eyes and headaches. The decedent had been working over the aperture or manhole of the tank in which there was evidence of the presence of gas for a number of hours, and he himself complained of the smell of the gas, saying that he did not know whether he would come back in the morning, that he could not stand the smell.

We hold that there was some evidence from which the Industrial Board might reasonably infer that the decedent while in the due course of his employment suffered an injury from the inhalation of gas from the tank which resulted in his death. The award is affirmed.

McMahan, J., absent.