## J. H. HARDIN COMPANY *v.* CROWE.

[No. 11,905.   Filed May 16, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Appeal.—Weighing Evidence Not Allowed.*—On appeal from the Industrial Board, the Appellate Court is not permitted to weigh the evidence, but if the award is supported by some competent evidence, that is sufficient. p. 514.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Industrial Board.—Evidence.—Sufficiency.*—Evidence *held* sufficient to sustain a finding of the Industrial Board that claimant had a hemorrhage in one eye and that it was caused by a strain in doing heavy lifting or in wielding a heavy hammer. p. 514.

From Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act by William T. Crowe, claimant, against the J. H. Hardin Company, employer.   From an award for claimant, the defendant appeals.   *Affirmed.*

*Howe S. Landers,* for appellant.
*Ele Stansbury* and *Dale F. Stansbury,* for appellee.

ENLOE, J.—The appellee made application to the Industrial Board for an award of compensation based upon an alleged accidental injury to his eye.   Such proceedings were had that he was given an award of com-

pensation at the rate of $13.20 per week for 150 weeks. From this award, the appeal is prosecuted, and the cause for reversal urged is, that the said award is not sustained by sufficient evidence. The appellant urges that the preponderance of the evidence shows that the condition of the appellee is due to disease and not to an accident.

The appellee's claim to an award of compensation was based upon an alleged accidental injury to his left eye, caused by strain in doing some heavy lifting, or in wielding a heavy hammer, which strain produced or caused a hemorrhage in said eye, resulting in the loss of the sight thereof.

The record discloses that one physician who testified that he had examined the eye of the appellee, also testified that, on such examination, he discovered a hemorrhage in the left eye of the appellee; that, in his opinion, heavy lifting or the wielding of a heavy hammer could be the immediate cause of such hemorrhage. Two physicians who, at other times examined the appellee, testified that they did not discover any hemorrhage in said eye, and that, in their opinion, the condition of appellee's eye was the result of disease, and not the result of any accidental injury (hemorrhage) as claimed.

Were we permitted to weigh the evidence, and determine where the preponderance lay, and then decide in accordance with such preponderance, we might

1, 2. reach a conclusion different from that of the Industrial Board, but this we are not permitted to do. The award is sustained by some competent evidence, and this, under our law is sufficient. *Steel & Tube Co.* v. *Bukovac* (1923), *ante* 219, 141 N. E. 643; *Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312, 132 N. E. 262.

The award, therefore, must be, and is hereby, affirmed.