SEYMOUR WOOLEN MILLS v. WARD ET AL.

[No. 14,298.   Filed December 12, 1934.   Rehearing denied March 8, 1935.]

*James L. Murray,* and *Frank H. Fairchild,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke, James V. Donadio,* and *Edward P. Elsner,* for appellees.

PER CURIAM.—This action was brought before the Industrial Board by appellees, Pearl M. Ward and Carolyn Jo Ward, widow and daughter, respectively, of Charles L. Ward, asking compensation for his death, which was alleged to have been due to an accidental injury arising out of and in the course of his employment at appellant's place of business.

It appears that decedent had been employed as fireman for appellant approximately eight years and at the time of his death was earning $18.40 per week. Just prior to the fall, which resulted in his death, he was in good health and talked and joked with those present, at the entrance of the furnace room; that he walked over to the fire-box, picked up a shovel, opened the door of the furnace with the shovel and fell to the cement floor, on which there was some coal. He made no attempt to break his fall or to protect himself when he fell. His head struck the floor causing a skull fracture. Death resulted several hours later. The medical testimony was that decedent's death was due to the hemorrhage caused by the fractured skull. The doctors further testified that from an autopsy they noted no gross pathology in the decedent's heart, kidneys, liver, or spleen that could have caused his death.

The single member of the Industrial Board found that decedent's death arose out of and in the course of his employment and awarded compensation to appellees at the rate of $10.12 per week for a period of three hundred weeks and upon review the full board made a

like award. On appeal the statutory assignment of error was made.

This court will not weigh the evidence in an appeal from the full Industrial Board and the facts, as found by such board, are binding upon this court and it is only where there is absolutely no evidence to sustain some necessary fact, upon which the award is based, that the award will be set aside. It is within the office of such board to determine the facts of the case from the evidence and from such facts draw reasonable inferences and "where it draws such an inference from the facts and circumstances which in their nature are such that reasonable men might draw either the same or opposite inferences, this court cannot say that the fact found as a result of such inference is not sustained by sufficient evidence," and, therefore, is contrary to law. *Haskell & Barker Car Company* v. *Brown* (1918), 67 Ind. App. 178, 184, 117 N. E. 55.

The evidence discloses that decedent collapsed upon opening the door to the fire-box and the inference might have been drawn that something—perhaps the heat emanating from the furnace—caused decedent to faint and fall to the floor, causing the skull fracture, which in turn produced the hemorrhage that caused his death.

From the facts proven other reasonable inferences might be drawn, but that is strictly within the province of the Industrial Board and this court is without authority to interfere.

Finding no reversible error the award of the Industrial Board is affirmed.