SERVEL, INCORPORATED *v.* JARRED ET AL.

[No. 15,681. Filed May 12, 1936.]

*Funkhouser & Funkhouser* and *Ben J. Biederwolf,* for appellant.

*Benjamin F. Zieg,* for appellees.

BRIDWELL, J.—The Industrial Board of Indiana, by a majority of its members, after hearing an application for review of an award made by one member, granted compensation to appellees, the widow and daughter of one Samuel Jarred, who died as the result of injuries received by accident while working for appellant, and while in the course of his employment. From the award made this appeal was perfected, appellant assigning as errors that the award is not sustained by the evidence, and is contrary to law.

The sufficiency of the evidence to sustain the finding upon which the award is based is the question presented for review, and all facts essential and necessary to be established in order that a proper and legal award in favor of appellees might be made are stipulated by the

parties as true, save only the one question as to whether the accident arose out of the employment.

There is evidence to prove that the deceased employee, at the time of the accident, was discharging the duties of his employment, and had gone to a tool box which set upon a work bench in the room where he was working, for the purpose of securing a tool with which to continue his work; that this tool box in the position it occupied was about "breast high"; that there was a platform constructed of soft pine boards laid upon the floor immediately in front of the space occupied by the work bench, which was approximately 15 feet long, 3 feet wide, and 1½ inches in height; that this platform was more or less "oily" and there were cracks of about one-half inch in width between the boards of which it was made; that on the opposite side of the platform from where the tool box was located, was a lathe, and a "scrap can" which were some 18 inches or 2 feet from the edge of the platform on that side; that the deceased employee, after securing the tool he desired, or while in the act of doing so (the evidence not being clear as to this) suddenly fell backwards, and, as a result of the fall, sustained a fractured skull, and died the same day because of this injury.

The surgeon who attended the deceased immediately following the accident, and who was employed by appellant to attend its employees injured by accidents at its plant, testified that he was at the plant every day, and was familiar with the platform on which the deceased was at the time he fell; that the deceased employee would have to walk over said platform in going from the machine where he was working to the tool box; that said platform was made of "duck board," a soft pine material, some of which was "rather saturated with oil"; that he examined the deceased following the injury, but found no heart lesion nor any evidence of

any disease. Other evidence proves that the deceased was 31 years of age, and had been employed by appellant for approximately 10 years.

After reading the evidence, and in view of the reasonable inferences which the board could draw from facts proven, we see no reason to disturb the award. There is sufficient evidence to sustain the finding of the board that the accident arose out of the employment; and all other facts necessary to be proven in order to entitle the appellees to an award, are found by the board and admitted by the stipulation entered into to be true.

For recent cases discussing the question as to when an accident arises out of the employment, see *Cunningham* v. *Warner Gear Co.* (1935), 101 Ind. App. 220, 198 N. E. 808; *Seymour Woolen Mills* v. *Ward* (1935), 100 Ind. App. 108, 192 N. E. 892.

Award affirmed and increased 5 per cent as required by statute.