INDIANA CAR AND EQUIPMENT COMPANY *v.* CELOTTO.

[No. 10,419.   Filed February 13, 1919.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Award.— Appeal.—Conflicting Evidence.*—Though the evidence is conflicting, but tends fairly to support the conclusion reached by the Industrial Board, the court on appeal will not disturb the board's finding.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Giovanni Celotto against the Indiana Car and Equipment Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Bomberger, Peters & Morthland* and *Pickens, Moores, Davidson & Pickens,* for appellant.

*Meade & Royce,* for appellee.

DAUSMAN, C. J.—Appellee was awarded compensation on the ground that he received an injury by accident while working for appellant.

In its finding the Industrial Board has included the following facts: "On April 11, 1917, the plaintiff was in the employment of the defendant as a carpenter at an average weekly wage of $25. On said date while engaged in the discharge of the duties of his employment and while lifting a sill weighing more than 400 pounds, the plaintiff suddenly, unexpectedly and accidentally received a wrench or sprain of the dorsal section of the spinal column, as a result of which he has been totally disabled for work continuously since his injury until the original hearing of this claim and was then so totally disabled for work. The plaintiff's disability is probably total and permanent."

The only error assigned which the court can consider is that the award of the full board is contrary to law.

We have carefully examined the evidence, and we find that there is no controversy concerning the following facts: Between 5 and 6 o'clock in the afternoon of April 11, 1917, the workman was lifting a car sill, in an effort to put it over some other timber, when he felt a sudden and violent pain in his back. He fell to the ground and was unconscious for about ten minutes. He contrived to get home and immediately went to bed. The pain caused him to cry like a child. The next day his employer sent a physician to treat him. This doctor found him complaining of a severe

pain in the back "across the lumbar region and on the left side immediately below the ribs." The doctor gave him an application to be rubbed on to stimulate the muscles, and, to the best of his recollection, used adhesive straps across the back to strap the muscles, and told him to apply external heat to the afflicted region. This doctor visited him about six times and was of the opinion that there was not much, if anything, wrong with him. Subsequently he had five other doctors and a chiropractor. On October 2, 1917, an X-ray plate was made, which revealed the fact that the spine was one and one-half inch out of alignment, the vertebrae in the region of the pain being curved that far to the left. The plate also indicated a pathological condition of the vertebrae. Tests were made which proved the existence of tubercular infection in the vertebrae. The workman was a strong man, twenty-seven years of age. Just prior to his present employment he had worked nearly three years as a carpenter for the Chicago and Great Western Railway Company and was accustomed to lifting car sills.

The real controversy rests on a dispute concerning cause and effect. Appellant contends that prior to the lifting of the sill the workman had been afflicted with tuberculosis in the vertebrae; that he was unconscious of the existence of the disease until the lifting called his attention to it; and that the disease was the sole cause of his disability—or, at least, the sole cause of the continuing disability. Appellee contends that the lifting caused a traumatism (broke the tissues, ruptured the blood vessels, and dislocated the vertebrae); that the tubercular process would never have come into existence but for the traumatism; and

that the lifting is the sole cause of all the disability which has followed.

The evidence relating to this controversy is conflicting. Appellant's contention rests wholly on the opinions of the doctors. Appellee's contention rests partly on these opinions and partly on facts and circumstances from which the Industrial Board was competent to draw a conclusion without the aid of experts. The evidence tends fairly to support the conclusion reached by the board, and therefore we cannot disturb the finding. *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555; *Muncie Foundry, etc., Co.* v. *Coffee* (1918), 66 Ind. App. 405, 117 N. E. 524.

The award is affirmed, and by virtue of the statute the amount thereof is increased five per cent.