GENERAL AMERICAN TANK CAR CORPORATION v. WEIRICK ET AL.

[No. 11,179.    Filed December 23, 1921.]

1. MASTER AND SERVANT.—*Injuries to Servant.*—*Workmen's Compensation Act.*—*Finding and Award of Industrial Board.*— *Conclusiveness.*—Where there is some evidence to support the finding and award of the Industrial Board, it will not be disturbed on appeal.    p. 244.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*— *Award of Compensation.*—*Sufficiency of Evidence.*—*Death from Inhalation of Noxious Gases.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.*

Burns' Supp. 1918) to obtain compensation for the death of a servant, where there was evidence that deceased, though afflicted with a disease, was performing his duties with substantial regularity, and that he was affected by the inhalation of noxious fumes and gases arising from molten brass, *held* that the Industrial Board was warranted in finding that death resulted from an accidental injury arising out of and in the course of the employment, and not from disease, though such ailment may have been accelerated so as to cause death by the breathing of noxious fumes.   p. 245.

3.   MASTER AND SERVANT.—*Workmen's Compensation Act.—"Accident".*—An "accident," within. the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), means an unlooked for mishap, an untoward event which is not expected or designed; but an injury may be the result of accidental means, though the act involving the accident was unintentional.   p. 245.

4.   MASTER AND SERVANT.—*Injuries to Servant.—Workmen's Compensation Act.—Proceedings for Compensation.—Rules of Evidence.*—The Industrial Board, being an administrative body, is not bound by the strict rules of law as to the admissibility of evidence.   p. 246.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Cecil Weirick and others against the General American Tank Car Corporation. From an award for applicants, the defendant appeals. *Affirmed.*

*William J. Whinery*, for appellant.
*Bomberger, Peters & Morthland*, for appellees.

NICHOLS, J.—Proceeding commenced by appellees before the Industrial Board of Indiana praying for an award of compensation under the Indiana Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) for alleged injuries resulting in the death of Joseph E. Weirick.

Appellant's defense to this action was that appellees' decedent did not meet with any injury by accident arising out of and in the course of his employment while

in the employ of appellant; that no accident of any kind or character whatsoever occurred or took place, and that no accident arose out of and in the course of the employment of said decedent by appellant in any manner or form whatsoever, causing any injury to said decedent, or the death of said decedent in any manner whatsoever.

Appellant contends that the evidence conclusively established appellant's defense.

After hearing the evidence the full Industrial Board found that November 4, 1920, the decedent was in the employment of appellant; that on said date he received a personal injury by an accident arising out of and in the course of his employment which resulted in his death the same day, and rendered an award in favor of appellee accordingly from which this appeal.

Appellant earnestly and forcefully contends that the evidence conclusively shows that no accident occurred within the meaning of the compensation law, 1. that even though appellees' decedent was affected by fumes and gases arising from molten metal, such fact was incident to his employment, and in no way unusual, and that it appears from the evidence that the death was a result of disease, and not of an accident. It is so well established that where there is some evidence to support the finding and award of the Industrial Board, the same, as in the case of the verdict of a jury, will not be disturbed on appeal, that we need not cite authorities to that effect.   In this case there is not much conflict in the evidence, except that the evidence of appellant's witnesses as medical experts was in conflict with the evidence of appellees' witness who was the attending physician.   We would not have much difficulty in disposing of this conflict under the evidence as a whole in this case even if it were necessary so to do.   In

this regard, we follow the reasoning and opinion of the court in the case of *Miami Coal Co.* v. *Luce* (1921), 76 Ind. App. 245, 131 N. E. 824.

There was some evidence that the deceased breathed the fumes and gases arising from molten brass and was thereby accidentally injured, which injury resulted in death, and we hold that the Industrial Board was fully justified in its finding that the deceased came to his death by accidental means while in the due course of his employment.   An accident has been repeatedly defined by this court in industrial appeals, as an unlooked for mishap, an untoward event which is not expected or designed.   *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Puritan Bed Spring Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417.   An injury may be the result of accidental means though the act involving the accident was intentional.   *United States Casualty Co.* v. *Griffis* (1916), 186 Ind. 126, 114 N. E. 83, L. R. A. 1917F 481; *Western Commercial Travelers' Assn.* v. *Smith* (1898), 85 Fed. 400, 40 L. R. A. 653.   The principle is well expressed in the last case cited, in which the court defines "accidental means" as follows:   "An effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing under the maxim to which we have adverted, is produced by accidental means.   It is produced by means which were neither designed nor calculated to cause it.   Such an effort is not the result of design, cannot be reasonably anticipated, is unexpected,

and is produced by an unusual combination of fortuitous circumstances; in other words, it is produced by accidental means."

While it appears that the decedent had been affected by the poisonous gas before, it is apparent that he did not anticipate or design the serious consequences resulting in his death. Yet the evidence abundantly justifies the inference that the immediate cause of the death was the injury by the inhalation of the noxious gas. That the deceased man was diseased at the time of his injury cannot be denied; but such disease had not progressed to the point of disability; he was with substantial regularity performing the duties of his employment up to the time of his injury, and if the disease was thereby accelerated so as to produce death so soon after the injury, the injury must be regarded as the cause of the death. Under such circumstances, the dependents are entitled to recover. *In re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842; *Puritan Bed Spring Co.* v. *Wolfe, supra; Indiana Car, etc., Co.* v. *Celotto* (1919), 69 Ind. App. 341, 121 N. E. 834; *Geizel* v. *Regina Co.* (1921), (N. J.) 114 Atl. 328.

Appellant complains that the Industrial Board refused to strike out certain evidence given before one member of the board but we need not consider this question for there is ample evidence to sustain the finding of the Industrial Board without the evidence that appellant presents as objectionable, and further the Industrial Board, being an administrative body, is not bound by the strict rules of law as to the admissibility of evidence, and this assignment presents no question.

The award is affirmed.