MORGAN PACKING CO. ET AL. *v.* MONROE.

[No. 15,285. Filed October 20, 1934.]

*James V. Donadio, Edward P. Elsner,* and *Slaymaker, Merrell & Locke,* for appellants.

*Montgomery & Montgomery,* for appellee.

CURTIS, J.—This is an appeal from an award of the full Industrial Board of Indiana entered on the 11th day of May, 1934, in a proceeding brought by appellee William Monroe under the provisions of the Indiana Workmen's Compensation Act, in which said appellee made claim for compensation against these appellants on account of alleged injuries received by him on the 9th day of June, 1932.

Appellee filed his application for compensation on account of alleged personal injuries received by him as a result, he alleged, of an accident arising out of and in the course of his employment by the appellants. The appellants resisted said application and claim, contending at the hearing that the disability of said appellee was not the result of personal injuries by reason of an accident arising. out of and in the course of his employment by the appellants.

The application was heard by a member of the Industrial Board of Indiana, on March 6, 1934, and on the 12th day of March, 1934, said member made a finding and award in favor of said appellee and against the appellants ordering compensation paid to said appellee by said appellants at the rate of $8.80 per week beginning on June 16, 1932, and to continue during the period of said appellee's total disability, but not to exceed the period fixed by law.

Thereafter an application for review by the full Industrial Board was filed by said appellants, and on April 23, 1934, the matter was heard by the full Industrial Board, and on the 11th day of May, 1934, said

board entered its finding of facts and award in favor of the appellee and against these appellants, ordering the payment of compensation by the appellants to said appellee at the rate of $8.80 per week beginning as of June 16, 1932, and to continue during appellee's period of total disability, but not to exceed the period fixed by law.

Among other things the board found as follows: "And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, by a majority of its members, now finds that on June 9, 1932, while in the employ of the defendant at an average weekly wage of $13.80, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment of which the defendant had knowledge, but did not furnish medical attention; that as a result of said accidental injury plaintiff has been totally disabled since the date thereof and is so disabled at the date of this hearing." The award followed the finding. The appellants duly excepted to said finding and award and prayed this appeal to the Appellate Court of Indiana, which was granted and perfected, assigning, among other things, that the award of the full Industrial Board is contrary to law. This assignment of error presents all questions sought to be presented.

It is the main contention of the appellants that the appellee did not receive an injury by reason of an accident arising out of and in the course of his employment by the appellants, and that there is no competent evidence or legitimate inferences to be drawn from such evidence to sustain the finding of the board that he did receive such an injury. They admit that if there is such evidence the award will not be set aside by this court.

We have read the evidence carefully and it is our opinion that the appellants are in error as to their con-

tentions. There was evidence that appellee had never been sick, except for a slight attack of "flu" which he had three years before this accident; and, that he was a well developed and fine specimen of manhood, in good health; that he had been able to work, except for two days, and had worked often night and day, week days and Sundays, continuously for four years for appellants; that on June 9, 1932, while at work for appellants, in their main plant at Austin, and while engaged in helping to place an electric motor, weighing 400 pounds, upon a platform, or shelf about ten feet above the floor, and in lifting and pulling on the motor and sliding it over upon the shelf, appellee developed a sudden, sharp, and acute pain in his left hip, which caused him to limp, and gradually grew worse until it resulted in his present disability. There was medical testimony that the accident described and complained of could cause the existing disability.

The appellants' further contention that the appellee's disability was in fact due to disease which was neither precipitated nor accelerated by any accidental injury is not borne out by the record and the finding of the board is abundantly sustained by the evidence.

The award of the full Industrial Board is not contrary to law. The award is affirmed with the usual 5 per cent statutory penalty.

Award affirmed.