BASS FOUNDRY AND MACHINE COMPANY ET AL. *v.*
CHRISTOPOULOS ET AL.

[No. 17,901.  Filed November 21, 1949.]

*Henry L. Humrichouser,* of South Bend, for appellants.

*Leas & Schlatter,* of Ft. Wayne, for appellees.

CRUMPACKER, J.—This is an application for compensation under the provisions of the Indiana Workmen's Compensation Act, for the death of Stoyan T. Kosherkoff alleged to have resulted from an accidental injury arising out of and in the course of his employment with the Bass Foundry and Machine Company. It was brought by the appellee C. Christopoulous, acting Consul General of Greece, at Chicago, Illinois, as legal

representative of the appellees Helena Kosherkoff and Labro Kosherkoff, widow and minor son respectively of said decedent, residents of Greece and alleged to have been dependent upon him for support. The appellee Vasil K. Spasoff, as administrator of said decedent's estate, also joined as a party plaintiff in the proceedings below. Upon motion of the appellant alleging that the appellee Spasoff, as administrator of the decedent's estate, is not a proper party plaintiff and that no authority is shown in C. Christopoulos, as Consul General of Greece to act as the legal representative of the decedent's alleged dependents, the hearing member of the board dismissed the cause. Later, upon a review of the file, he concluded that the order of dismissal had been entered through his inadvertance and reinstated the cause over the appellant's objection. This order was reviewed by the Full Industrial Board at which time the appellees filed a power of attorney from the alleged dependents of the decedent authorizing the appellee C. Christopoulos, as Consul General of Greece, to prosecute the claim in their behalf. The board thereupon vacated the dismissal order and reinstated the cause to be heard on its merits. In due course the Full Industrial Board found for the appellees and awarded compensation as provided by the Indiana Workmen's Compensation Act in death cases.

This appeal challenges the legality of the board's action (1) in vacating its order dismissing the cause and reinstating the same, and (2) admitting in evidence the power of attorney above mentioned and the appellees' exhibits 1, 2, 3, 4 and 5.

When the hearing member vacated the order dismissing the cause and reinstating the same for trial

on its merits the board had power at any time to "correct any clerical error or mistake of fact in any finding or award." Burns' 1940 Replacement, § 40-1410. Whether or not the Greek Consul had authority to represent the decedent's dependents as a party plaintiff was a question of fact concerning which the hearing member evidently concluded he had made a mistake. His action in that respect was reviewed by the full board on April 27, 1948, and, in effect, affirmed. In the meantime the legislature had withdrawn the power of the board to correct its finding or award at any time for a mistake of fact. Burns' 1940 Replacement (1949 Supp.), § 40-1410. The board properly applied the law as it existed when its jurisdiction in this particular was invoked.

The power of attorney complained of is a long double purpose document the first part of which authorizes the Greek Consul General to prosecute this cause for and in behalf of Helena Kosherkoff and her minor son Labro. The second part thereof is nothing more than the affidavit of said Helena whereby she seeks to establish her marriage to the decedent and the dependency of herself and son upon him at the time of his death. As proof of the Greek Consul General's authority to act we think the document was proper. As proof of marriage and dependency, even under the relaxed rules of evidence pertaining to hearings before the Industrial Board, it was not competent. Exhibits 1 and 2 are denominated "Certificate" but do not purport to be certified copies of any official record kept by the Greek government or any sub-division thereof. They amount to nothing more than affidavits. Exhibit 3 does not pretend to be anything else than the affidavit of one Elenia Kosherka. Exhibits 4 and 5 are records of the Probate Court of Allen County in the

estate of Stoyan T. Kosherkoff, proceedings in which the appellant was not a party and consequently not bound by the findings and orders entered therein. All of these documents were offered and admitted for the purpose of establishing the relationship of Helena Kosherkoff and her son Labro to the decedent and their dependency upon him when he died. Without them the record is devoid of proof on those essential facts.

We are not unmindful that our courts have held that the Industrial Board, being an administrative body, is not bound by the strict rules pertaining to the admissibility of evidence in courts of law. *Patton Park, Inc.* v. *Anderson* (1944), 222 Ind. 448, 53 N. E. 2d 771, 54 N. E. 2d 277; *Shelby Manufacturing Co., Inc.* v. *Harris* (1943), 112 Ind. App. 627, 44 N. E. 2d 315; *General, etc., Tank Car Corp.* v. *Weirick* (1921), 77 Ind. App. 242, 133 N. E. 391. Liberality in such matters, which has for its purpose the ready arrival at the truth, cannot be indulged to the extent that a perversion of the truth is made easy. The informality, countenanced by the law, in the conduct of administrative board hearings does not contemplate a complete breakdown of the safeguards afforded litigants by a reasonably ordered procedure. In the present matter the appellant was confronted by a series of affidavits made by persons in a foreign land. They were made without notice and by their use the appellant was deprived of the fundamental right of cross-examination and left helpless to refute their contents. While we do not take judicial notice of the rules of the Industrial Board, the appellant's brief contains the unchallenged statement that they provide for the taking of depositions. We accept the statement with the observation that the board, by the adoption of the rule, recognized the impropriety of

affidavits as an instrumentality of proof in contested matters.

Even though we accepted these affidavits as competent proof there is still no evidence in the record that Stoyan T. Kosherkoff was ever in the employ of the appellant. The only evidence on the subject is a stipulation of the parties concerning the employment, injury and death of one Stoyan Kershes but nowhere does the evidence identify him and Stoyan T. Kosherkoff as being one and the same person.

In *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1948), 225 Ind. 517, 75 N. E. 2d 662, the Supreme Court said that upon the reversal of an award the cause should be remanded to the Industrial Board which thereupon has the "right to proceed with the same in a manner not inconsistent with the views expressed herein." This pronouncement seems broad enough to authorize the board, in the present case, to rehear the entire matter as it sees fit.

Award reversed and cause remanded.

NOTE.—Reported in 88 N. E. 2d 692.