CAMPBELL ET AL. *v.* COLGATE-PALMOLIVE COMPANY.

[No. 19,834. Filed July 26, 1962. Rehearing denied August 23, 1962. Transfer denied October 9, 1962.]

46

*Evan A. McLinn,* of New Albany, for appellee.

*Charles C. Fox,* and *Fox & Fox,* of Jeffersonville, for appellee.

KELLEY, C. J.—According to appellants' brief, they are dependents of a "deceased" employee of the appellee and, as such, filed a claim for compensation on Industrial Board Form No. 10. The application and award of the Board are not shown in the brief. It is stated that the Board "decided this question in the negative", that the decedent did not sustain an accidental injury arising out of and in the course of his employment with appellee and that appellant take nothing. The name of the decedent is not disclosed by any brief herein.

Appellants' condensed recital of the evidence consists only of an hypothetical question put to one Dr. Cecil Patterson, on deposition, and his answer and opinion given in response thereto. His opinion was that "assuming the facts" outlined in the question to be true, the "emotional upset" of decedent "precipitated the coronary occlusion of decedent which was the immediate cause of his death." Appellants then say that "Defendant's Doctor Ralph Denham, also confirmed that emotional upset, and distrubance has the effect which Dr. Patterson said it did." And they further say "so there is no conflict of evidence about the facts of this case." The testimony of said Dr. Denham, on deposition, or any part thereof, is not given or set out in appellants' brief.

Appellee, in its brief, calls attention to the failure of appellants' brief "to make any reference to the

evidence in this cause as required by Supreme Court Rule 2-17(d)." Appellee then proceeds to set forth a recital of testimony of the appellant, Kathleen Campbell, and of testimony given by Dr. Ralph Denham, by deposition. Appellants have filed no reply brief and we are warranted, therefore, under the conditions here existing, in accepting as true what appellee's brief says about the evidence omitted from the condensed recital of the evidence in appellants' brief. *Bryan* v. *Reiff* (1922), 192 Ind. 264, 266, 135 N. E. 886; *Milburn* v. *Phillips et al.* (1893), 136 Ind. 680, 699, 700, 34 N. E. 983, 36 N. E. 360; *Nolte, Executrix* v. *Eyden* (1925), 82 Ind. App. 580, 581, point 2, 146 N. E. 866; *Indiana Bonding and Surety Co.* v. *State* (1961), 132 Ind. App. 626, 178 N. E. 2d 65, 66, point 3.

As set out in appellee's brief, said Dr. Denham testified that "a man described as decedent was could have a coronary occlusion while doing his regular work, driving his car, sitting or sleeping"; that decedent's "coronary system had deteriorated to the point where it could no longer stand the load on it, *whether from his usual activities or usual inactivities*"; that "emotion will not cause a person's heart rate to pick up any more than a brisk walk or similar amount of activity"; and that "even if decedent did have an emotional upset and several minutes or hours later dropped dead *it would be hard to connect the emotion and the death.*" (Emphasis supplied)

Appellants say that "the evidence in this cause is capable of only one inference which leads to but one conclusion which in turn is contrary to the conclusion reached by the Industrial Board." We cannot agree with this statement. It seems to us that conflicting inferences were presented to the

Board on the essential issue of whether decedent's injury and death arose out of and in the course of his employment. The Board having reached a conclusion on such conflicting inferences, we are not at liberty nor are we impelled to substitute a conclusion opposite to that reached by the Board.

Award affirmed.

Bierly, Gonas and Pfaff, JJ., concur.

NOTE.—Reported in 184 N. E. 2d 160.