ANACONDA ALUMINUM CO. *v.* AUE.

[No. 20,012.   Filed December 2, 1964.]

*E. J. Bunny* and *William B. Weisell* and *Locke, Reynolds, Boyd & Weisell*, of counsel, of Indianapolis, for appellant.

*Paul P. Boyle*, of Terre Haute, for appellee.

FAULCONER, C. J.—Appellee, Walter L. Aue, was awarded compensation by the Hearing Member of the Industrial Board on his Form 9 Application alleging that on May 1, 1960, he suffered injury arising out of

and in the course of his employment by appellant, Anaconda Aluminum Company. This award was, on appeal, affirmed by the Full Industrial Board of Indiana.

Appellant's only necessary assignment of error is that the award is contrary to law. *Kunkel, Trustee, etc.* v. *Arnold* (1959), 131 Ind. App. 219, 224, 158 N. E. 2d 660 (Transfer denied 1960); Acts 1929, ch. 172, §61, p. 536, §40-1512, Burns' 1952 Replacement.

Appellant first contends that there was no demonstrable incident occurring in this case from which the Board could find that appellee "sustained personal injury by reason of an accident arising out of and in the course of his employment." Its argument is grounded on the fact that the evidence of lifting the 50-pound pig and resulting pain came from the lips of the appellee only and was uncorroborated by any other witness. There was evidence by appellant's witnesses that appellee did not report a lifting incident but, on the contrary, denied on several occasions prior to his surgery that any occurred. Appellee, on the other hand, insists he reported the incident in each instance where it was denied.

It is not the province of this court, nor are we permitted to weigh the evidence or determine the credibility of witnesses. *Pollock* v. *Studebaker Corporation* (1952), 230 Ind. 622, 624, 105 N. E. 2d 513; *Hayes Freight Lines* v. *Martin* (1949), 119 Ind. App. 97, 100, 84 N. E. 2d 205; *Square D Company* v. *O'Neal* (1946), 117 Ind. App. 92, 96, 66 N. E. 2d 898 (Transfer denied); Acts 1929, ch. 172, §61, p. 536, §40-1512, Burns' 1952 Replacement, *supra*.

A finding of fact by the Industrial Board is binding on this court unless unsupported by any evidence of

probative value. *Pollock* v. *Studebaker Corp., supra; Blue Ribbon Pie Kitchens* v. *Long* (1952), 230 Ind. 257, 260, 103 N. E. 2d 205; *Crown Products Co.* v. *Brandenburg* (1955), 126 Ind. App. 48, 55, 129 N. E. 2d 134; *Tromley* v. *Padgett & Blue, Inc.* (1955), 125 Ind. App. 688, 690, 125 N. E. 2d 808 (Transfer denied) ; Section 40-1512, *supra.*

A review of the evidence most favorable to appellee, to which we are limited in determining the sufficiency of the evidence to sustain a compensation award, convinces us that there was evidence of probative value to sustain the Board's finding and award.

Appellant in the argument section of its brief next advances the proposition that this case is controlled by the decision announced in the case of *U. S. Steel Corp.* v. *Dykes* (1958), 238 Ind. 599, 154 N. E. 2d 111.

Judge Kelley, speaking for this court in *Lock-Joint Tube Company* v. *Brown* (1963), 135 Ind. App. 421, 191 N. E. 2d 110 (Transfer denied), regarding the Dykes case, at page 114, stated as follows:

"In the Dykes case the employee suffered a natural heart attack *without any exertion* while returning from the water cooler. We are not inclined that it can be said that the Supreme Court, in the light of the facts of the Dykes case, intended to overrule the well developed and long established rule of compensable injury and accident which prevails in the case of an aggravation of an existing disease. If the referred to unfortunate language or dicta recited in the Dykes case was intended to deny compensation in all cases of aggravation of hernia, heart disease and other physical ailments in all cases of normal pressures and exertion in normal employment, the court should have so stated with definiteness and without uncertainty."

After a careful review of the evidence in this case, it is our opinion that the facts as set forth in the present case do not come within the doctrine of the Dykes case.

There are several facts which, in our opinion, clearly distinguish the present case from the Dykes case. Among them are that here the appellee was actually performing his work. In the Dykes case the employee was returning from a water cooler. Here the appellee was actually engaged in lifting the 50-pound pig while the facts in the Dykes case showed no exertion other than walking. Also, in the Dykes case the evidence was undisputed that the employee had a previous heart condition, while in the instant case the evidence of a preexisting back condition, if not conflicting, certainly was not conclusive.

Appellant's citation of the cases of *B. G. Hoadley Quarries, Inc.* v. *Eads* (1959), 129 Ind. App. 670, 160 N. E. 2d 202, and *City of Anderson* v. *Borton* (1962), 132 Ind. App. 684, 178 N. E. 2d 904, in support of its argument under the Dykes case fails to change our opinion. Judge Kelley's explanation of the Hoadley Quarries case in *Lock-Joint Tube Company* v. *Brown, supra*, at p. 114,

"The B. G. Hoadley Quarries, Inc. v. Eads case, *supra*, presented a situation of extreme exertion, and, in our opinion, fails to do more than refer to the requirements of the rule set forth upon the particular facts of the Dykes case."

clearly distinguishes it from the case here involved. Likewise can *City of Anderson* v. *Borton, supra*, be distinguished. The court, in that opinion, stated at p. 691 of 132 Ind. App.,

"By the appellee's own testimony he had not yet touched the trap door, nor did he describe a fall, a

blow, a twist, a lift, a strain, any exertion or any untoward or unusual incident of any kind."

We fail to find that the evidence, with all reasonable inferences deducible therefrom, would force reasonable minds to a conclusion contrary to that reached by the Industrial Board that the appellee suffered an accident arising out of and in the course of his employment.

Award affirmed.

Carson, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 403.