SHAFFER *v.* INDIANA GAS AND CHEMICAL CORPORATION.

[No. 20,299. Filed September 8, 1965.]

*John A. Kessler,* of Terre Haute, for appellant.

*William Hamilton* and *Stanley Stohr,* of Terre Haute, and *James V. Donadio,* and *Geoffrey Segar,* and *Ice, Miller, Donadio & Ryan,* of counsel, of Indianapolis, for appellee.

FAULCONER, J.—Appellant, Lester Shaffer, was denied compensation by the Hearing Member of the Industrial Board which denial was sustained, upon review, by the Full Industrial Board of Indiana. The pertinent findings and award of the Full Industrial Board are as follows:

"The full Industrial Board having heard the

arguments of counsel, having reviewed all the evidence in said cause, and being duly advised in the premises therein, now finds:

"That on April 4, 1962, plaintiff was in the employ of the defendant at an average weekly wage in excess of the maximum; that on said date plaintiff did not sustain an accidental injury arising out of and in the course of his employment with defendant herein; that on said date plaintiff was suffering from a heart condition, which said condition is wholly unrelated to his employment with the defendant herein.

"The full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form 9 application for the adjustment of claim for compensation, filed with the Industrial Board December 20, 1962.

*"A W A R D*

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the full Industrial Board of Indiana that plaintiff herein take nothing on his Form 9 application for the adjustment of claim for compensation, filed December 20, 1962, and plaintiff shall pay all costs, if any, taxed in said cause."

Appellant properly assigns as error that "the Award of the Full Board is contrary to law."

The finding of fact by the Industrial Board is binding upon this court unless unsupported by any evidence of probative value. *Blue Ribbon Pie Kitchens* v. *Long* (1952), 230 Ind. 257, 260, 103 N. E. 2d 205; *Crown Products Co.* v. *Brandenburg* (1955), 126 Ind. App. 48, 55, 129 N. E. 2d 134, 130 N. E. 2d 73; *Tromley* v. *Padgett & Blue, Inc.* (1955), 125 Ind. App. 688, 690, 125 N. E. 2d 808. (Transfer denied.)

This being a negative finding against the appellant who had the burden of proof, the question to be de-

cided is whether the evidence entitled him to ▉ relief which was denied him by the award. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 681, 77 N. E. 2d 116.

"The award of the board cannot be set aside in this case unless all the evidence is undisputed and not contradicted and leads inescapably to the sole conclusion that the appellant was entitled to an award under our Workmen's Compensation Act." *Wright* v. *Peabody Coal Co., supra,* at page 686 of 225 Ind.

Appellant sustained an acute myocardial infarction while carrying a grain door to be placed in a gondola car prior to filling such car with coke. Appellant was employed as a coke picker in which position he separated pieces of coke as they traveled in front of him on a conveyor belt.

Appellant contends that the evidence shows that his acute myocardial infarction was caused by the extra exertion necessary in carrying the grain door. Appellee, on the other hand, contends that the evidence demonstrates that said acute myocardial infarction was due to appellant's arteriosclerotic heart disease which disease was a progressive narrowing of the heart arteries, and said myocardial infarction was the natural incident and consequence of his heart disease and not due to the duties appellant was performing on April 4, 1962, or even the carrying of the grain door, if that is considered as unusual exertion, which appellee does not admit it is.

The cause of the myocardial infarction was, therefore, directly before the Industrial Board. That part of the testimony of appellee's witness, Dr. Richard Nay, on this point is summarized in appellant's recital of the evidence at pages 57-59 of his brief, as follows:

"I believe that Mr. Shaffer has arteriosclorotic [arteriosclerotic] heart disease, and that on or about April .6, 1962, he suffered an acute myocardial infarction. Acute myocardial infarction is an episode in the course of arteriosclerotic heart disease. Arteriosclerotic heart diseases [disease] is a naturally occurring disease in which the coronary artery which supplies the heart with blood becomes narrowed as the result of a disease process. The disease process is initiated by the deposition of a fatty substances [substance] called chlosterol [cholesterol] in the wall of the arteries and this provokes a reaction which increases the size of the lining of the arteries and makes it protrude into the lumen of the vessel. Therefore, the amount of blood which might pass through is markedly diminished. Coincident with this there. usually occurs clotting or stagnation of the blood in the area of the deposition of the fatty substance and the reaction which results from that. Together with the deposition of fatty material and the clotting or stagnation of blood results in an obstruction to the flow of blood. When this obstruction becomes almost complete, the muscle which depends upon the artery for its nourishment does not receive a proper nourishment and it may die. The episode of death of tissue is called acute myocardial infarction and it usually is attended by the sumptons [symptoms] which Mr. Shaffer manifested, namely, pain in the chest and weakness.

"The Plaintiff's arteriosclerotic heart disease was gradual in its progression. It had been taking place prior to April 4, 1962. In general, the process arteriosclerotic heart disease is one which takes many years to develop to the point myocardial infarction occurs. The acute myocardial infarction which Plaintiff sustained on April 4, 1962, was a natural incident and consequence of his disease arteriosclerosis of the coronary artery. The duties the Plaintiff described doing on April 4, 1962, prior to the pain and weakness was not a causative factor in the ensuing myocardail [myocardial] infarction. The cause of the acute myocardial infarction is soleley [solely] in the degree of obstruction which occurs in the coronary vessels, and the occurrence of the obstruction is one which effec-

tually cuts off the blood supply and results in infarction, may occur at any time, and it is well known that about half of the people who have myocardial infarctions have them at rest when they are doing no physical work whatsoever and the circumstances of an individual's activity at the time the infarction occurs are not the cause of the infarction.

"The cause of this pain was the dying of the heart muscle. The area of heart muscle which died at the time of the infarction. Those symptoms were not caused by the acitvity [activity] the plaintiff was doing on April 4, 1962, immediately preceding the onset of the symptoms. If the Plaintiff became disabled on April 4, 1962, it was due to Arteriosclerotic heart disease. His disability was in no way connected with his employoment [employment] or the activities that he was performing on the 4th day of April, 1962, immediately preceding the onset of his disability."

Two physicians testified for appellant, and giving the appellant the benefit of any doubt and assuming that they testified the opposite concerning this point, the most we can say is that the evidence is conflicting. In fact, the evidence is conflicting on several vital issues among which is the weight of the door, the distance appellant carried the door, the distance appellant traveled up the stairs while carrying said door and how often appellant had performed such duties prior to April 4, 1962.

This is a classical instance of the Board and the Hearing Judge hearing conflicting testimony from witnesses which the Board and Hearing Judge observed, and thence drawing a conclusion. It is not a case where we can say, in our capacity as a review court, that reasonable men would have only reached a contrary conclusion on the same evidence, or that there is no evidence of substantial and probative value to support the findings and award of the Board as

appellant asks us to do. Under the settled law of this State we can only affirm the award of the Board where the evidence is conflicting.

Award affirmed.

Prime, P. J. and Carson, J., concur.*

Wickens, J. not participating.

NOTE.—Reported in 209 N. E. 2d 919.