ESTEY PIANO CORPORATION, EMPLOYERS MUTUAL OF WAUSAU
*v.* HILDA B. STEFFEN.

[No. 2-1072A73. Filed May 11, 1973.]

*Thomas W. Yoder, Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder,* of Fort Wayne, for appellants.

*Roger S. Moliere, Jackson, Parrish & Larson,* of Fort Wayne, for appellees.

SULLIVAN, J.—The appellant-employer appeals from an award of compensation made to appellee Steffen, the employee. Appellee's claim alleged an injury sustained on November 26, 1969. Her duties required, at least occasionally, that she lift keybeds (that part of the piano upon which the keys rest) in order to sand them either by hand or by a belt driven sander. She testified that the keybeds weighed as much as 50-75 pounds, although the foreman testified that the heaviest keyboard and/or keybed processed during the period in question weighed 27 pounds.[1] The evidence disclosed that upon occasion

---

1. There appears to be some confusion arising from the testimony of the employee and the foreman as transcribed of record as to whether they were referring to "keyboards" and "keybeds" as separate and

the foreman had helped the employee in lifting keybeds to be sanded.

On October 13, 1969 the employee saw her family physician complaining, according to the doctor's report, of lower back pain, radiating down both legs brought on by lifting keybeds at the Estey Piano Corporation. That physician's diagnosis was "acute lumbar strain with probable 'disc' syndrome." The employee, however, testified that her visit to her doctor on October 13 was occasioned by what she thought was a kidney problem as opposed to a "back problem." She missed three or four days work following October 10-13.

Subsequently on November 26, 1969, she stated that she bent over to pick up a keybed and "just as I was going up with it, I got a real sharp pain * * *. It was just a sudden pain in my back and down my leg." She received medication prescribed by her own physician the following day, and on December 1, 1969, her doctor diagnosed her condition as "recurrent back strain with 'disc' disturbance."

The employee was hospitalized on December 9, 1969 and on December 24, 1969 underwent surgery for removal of a "ruptured, degenerated and extruded 4th lumbar intervertabral disc."

The employee specifically denies that her claim is in any way premised upon an "aggravation of a preexisting condition." As pointed out by appellant, however, all of the case authorities cited by the employee are "aggravation" cases. The sole pertinent factual "finding" of the Board in its award of September 14, 1972 was that:

"[On November 26, 1969] plaintiff sustained an accident and injury arising out of and in the course of her employment by said defendant, when she lifted a keybed and injured her back."

distinct parts of a piano or whether the questions of counsel and the answers thereto used the words interchangably with reference to the particular piano part required to be lifted by the employee.

is therefore markedly lacking in specifics sufficient to permit intelligent judicial review by this Court.

A review of the briefs in the cause before us indicates the existence of clear conflict between the positions taken by the respective parties. These conflicts can be properly resolved only by a finding upon the basic facts underlying the above-quoted ultimate finding. *Transport Motor Express, Inc.* v. *Smith* (Ind. App. 1972), 289 N.E.2d 733. The essential basic facts might here include such matters as: Whether appellee had a "preexisting condition" which existed prior to October 13, 1969? Prior to November 26, 1969? Did the incident of November 26 "aggravate" such preexisting condition? What part, if any, did the appellee's condition as reflected by the physician's report of October 13 play in the "injury" which the Board found to have been sustained November 26? Did the employee undergo "unusual" exertion on November 26?

These factors in turn cause speculation concerning whether the Board's award involved a consideration of such matters as the weight of the keybed lifted and whether the lifting of keybeds was a part of the employee's normal, routine employment duties.

We offer no opinion with respect to whether, from the evidence of record, the Board can responsibly answer those questions posed herein which are relevant and reduce those determinations to a meaningful finding of facts. Suffice it to say that the posture of the case and the record at present precludes a just review by this Court.

Accordingly, we hereby reverse and remand the cause for further proceedings not inconsistent with this opinion.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 295 N.E.2d 855.